UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMMY NICKENS | * | CIVIL ACTION NO. 25-344 |
| | * | |
| VERSUS | * | SECTION: "H"(1) |
| | * | |
| ALBERTSONS COMPANIES INC., ET AL. | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

*************************************

### ORDER AND REASONS

Before the Court is the Motion for Leave to Amend Notices of Removal (R. Doc. 1 & 3) filed by Defendants Corrigo, Inc. and Jones Lang LaSalle, Inc. (the "Motion"). Because the amendment only clarifies the jurisdictional grounds for removal previously plead in the notices of removal and does not assert new jurisdictional grounds for removal, the Motion is GRANTED.

### BACKGROUND

This case arises from the death of Mr. Mark Nickens, who was allegedly electrocuted when he touched an electrical wire attached to the rear of an Albertsons store located at 1801 W. Thomas Street in Hammond, Louisiana. Rec. Doc. 16 at p. 1 (citing Rec. Doc. 1-3 at pp. 14-15). Plaintiff, Mrs. Tammy Nickens, filed suit for wrongful death in the 21st Judicial District Court for the Parish of Tangipahoa on December 17, 2024. Among other defendants, Plaintiff named Albertsons, LLC as a defendant, alleging that Albertsons LLC had custody, garde, and control of the store location, including the electrical equipment involved. *Id.* (citing Rec. Doc. 1-3 at p. 15). Plaintiff also named Defendant Kevin Brunelle, the store manager, for "[f]ailing to discover a sub-standard electrical control panel and 120 volt receptacle that even a lay person could determine was not safe and did not meet mandatory code requirements for safety." *Id.* (citing Rec. Doc. 1-3 at p. 16).

1

Defendants Corrigo, Inc. and Jones Lang LaSalle, Inc. (the "Movers") removed the matter to this Court on February 19, 2025. Rec. Docs. 1, 3. In the Notices of Removal, Movers did not state the citizenship of Albertsons, LLC because, according to the Movers, "the proper defendant is Albertsons Companies, Inc." *Id.* The Movers thus stated the citizenship of Albertsons Companies, Inc. in a purported effort "to streamline the claims and parties." Rec. Doc. 11 at p. 4 (citing Rec. Docs. 1, 3 at ¶¶ IX-X). The Movers also alleged that Defendant Kevin Brunelle had been improperly joined. *Id.* (citing Rec. Doc. 1, 3 at ¶¶ XIV-XXII).

On March 17, 2025, Plaintiff filed a motion to remand. Rec. Doc. 9. In her motion to remand, Plaintiff argues that each notice of removal is defective "because it fails to account for the citizenship of Albertsons, LLC, and it fails to provide proof of consent to removal by Albertsons, LLC." Rec. Doc. 9-1 at p. 2. Plaintiff also disputes that Defendant Brunelle was improperly joined, contending that: "[n]otably missing from the removing defendants' notice is any **affidavit or declaration from Mr. Brunelle** which would support Corrigo, Inc. and Jones Lang Lasalle, Inc.'s assertion that Mr. Brunelle has no potential liability for the death of Mr. Nickens." *Id.* at p. 4 (emphasis in original).

Two weeks later, Defendants Corrigo, Inc. and Jones Lang LaSalle, Inc. filed the instant Motion to Amend. As to the citizenship of Albertsons LLC, Movers now add:

IX(a):

While Albertson's LLC does not believe it is properly joined in this matter, for purposes of removal, Albertson's, LLC's citizenship is determined based on the citizenship of its members. *Harvey v. Gray Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Acadian Diagnostic Laboratories, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n. 1 (5th Cir. 2020). The sole member of Albertson's, LLC is Albertsons Companies, Inc. As outlined, Albertsons Companies, Inc. is a citizen of Delaware and Idaho because it is incorporated in the state of Delaware with its principal place of business in Idaho. Therefore, Alberton's, LLC is also a citizen of Delaware and Idaho.

2

As to the improper joinder of Defendant Brunelle, the Movers now add:

XVII(a).

Plaintiff's Petition does not establish that Brunelle's employer owed a duty. Nickens' Certification of Death reflects that his death occurred at 2:40 in the morning – well outside of the store's operational hours. It further reflects that Nickens was killed when his leg contacted a live wire as he "crawled between a food trash compactor and Albertsons," an action potentially impacted by the fact that he had "impaired judgment due to alcohol and prescription medication ingestion." Photographs of the trash compactor establish that multiple warnings were located on the equipment. Louisiana law does not support that any Defendant owed a duty to protect intoxicated non-patrons from injuries they incurred as a result of unauthorized contact with equipment located in the rear of the store and outside of store hours. See, e.g., La. R.S. 14:63(H). See also *Woods v. Winn-Dixie Stores, Inc.*, 2022-0191 (La. App. 1 Cir. 9/16/22), 353 So.3d 182 (Finding that a Winn-Dixie store was not liable for injuries that a patron's son incurred when he slipped in water in an area behind the buggy return corral and cut his arm on an electrical outlet.). See also *Cunningham v. Borden Dairy Company of Texas, LLC*, 2024-0104 (La.App. 1 Cir. 12/6/24), 2024 WL 5000134.

XVII(b).

In *Lundy v. ACE American Insurance Company*, 674 F.Supp.3d 326, 336 (M.D. La. May 18, 2023), the Middle District explained a plaintiff seeking to establish the employee's duty must allege some specific personal duties beyond the general administrative responsibilities for which the employer was vicariously liable. But Brunelle was the Store Director tasked with administrative responsibilities at the subject Albertsons store. He was not delegated, asked, assigned or tasked with the installation, maintenance or repair of the trash compactor or its electrical equipment nor would he have been qualified to do such work. He was not delegated, asked, assigned or tasked with the erection of any fences or barriers. Vendors that perform work at the property contract with Albertsons Companies, Inc. He is not an owner of the property and has no control beyond the scope of his employment as the Store Director.

XVII(c).

In *Lundy*, supra, the Middle District explained that the absence of "specifics…with respect to how [the employee] had any 'personal knowledge' of the 'hazardous and dangerous condition'…does not raise any factual allegations regarding [the employee's] 'personal knowledge' sufficient 'to raise a right to relief above the speculative level.'" 674 F.Supp.3d at 335, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1055 (2007). Brunelle was not made aware either through personal inspection or by employee or patron report of any "live wire" condition on or around the trash compactor that could have caused harm. He denies

3

> personal knowledge of any unsafe condition. In the absence of personal knowledge, Brunelle cannot be personally liable.

Rec. Doc. 11-2 at pp. 7-9 (footnotes omitted, citing Certification of Death for Mark Edward Nickens, Sr., Rec. Doc. 11-5; Declaration of Kevin Brunelle, Rec. Doc. 11-6).

Plaintiff opposes the amendments to the notices of removal, arguing that the amendment is untimely because the Movers did not take "measures to clear the procedural defects in the notice of removal for over two weeks," after Plaintiff had already filed a motion to remand, and that the amendment "attempts to make substantive changes to the jurisdictional basis for removal." Rec. Doc. 16 at pp. 2-3. Plaintiff also contends that regardless, the amended noticed of removal remains defective because it does not include a consent to removal from Albertsons LLC. *Id.* at p. 3.

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1653, courts have the "authority and discretion to allow parties to cure defective allegations of jurisdiction." *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010); *see also Davis v. Life Inv'rs Ins. Co. of Am., Inc.*, No. 01-799, 2002 WL 1784224, at *2 (S.D. Miss. Feb. 8, 2002) ("[W]here a defendant, for example, has alleged the existence of diversity jurisdiction in its removal petition but has failed to allege all of the specific facts, or has incorrectly alleged some of the facts underlying its jurisdictional conclusion, courts have allowed amendments to cure these deficiencies."). The Fifth Circuit has directed that Section 1653 "is to be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." *Menendez*, 364 F. App'x at 66 (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887-88 (5th Cir. 2000)). Thus, so long as the amendment does not assert new substantive grounds for jurisdiction, amendment should generally be permitted. *See Manzella v.*

4

*United Parcel Serv. Inc.*, No. 02-1800, 2002 WL 31040170, at *8 (E.D. La. Sept. 10, 2002) ("[A] defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal, and that *amendments to remedy a substantive defect in the [removal] petition, i.e., to add a new basis for federal jurisdiction, are not permitted.*") (emphasis in original) (internal quotations omitted).

Here, the Movers are only attempting to amend their notices of removal to amend facts related to jurisdictional grounds already asserted. Specifically, the Movers provide the citizenship of Albertsons LLC to further bolster their already pleaded claim for diversity jurisdiction, and the Movers provide further information regarding the improper joinder of Kevin Brunelle to bolster their already pleaded claim for improper joinder. Despite Plaintiff's allegations that the Movers are attempting to make "substantive changes to the jurisdictional basis for removal," Rec. Doc. 16 at p. 2, the record demonstrates that none of the amendments assert new jurisdictional grounds to remedy substantive defects in the petition. And while Plaintiff contends that this amendment is untimely because it was filed after Plaintiff filed a motion to remand, Plaintiff offers no legal authority to support such a contention. To the contrary, nothing in Section 1653 prescribes a specific time for amendment, but rather Section 1653 indicates that defective allegations of jurisdiction may be amended by either the trial *or appellate* courts. 28 U.S.C. § 1653. The mere fact that the Movers are attempting to remedy the defective allegations for their already identified basis for jurisdiction that Plaintiff pointed out in her motion to remand, such as providing the affidavit of Kevin Brunelle that Plaintiff identified as missing in the first notice of removal, does not prohibit the Movers from filing a motion to amend in an attempt to remedy those deficiencies.

And finally, the Court need not address Plaintiff's argument that the amended notice of removal remains defective because it does not contain the requisite consent from all defendants in order to permit amendment here.[1] This argument is best addressed by the district judge in considering a motion to remand, as reflected by Plaintiff's statement in its opposition to the motion to amend that "because the Albertson's, LLC has not consented to removal, there exists a procedural defect and remand is proper." Rec. Doc. 16 at p. 3.

## CONCLUSION

For the reasons set forth herein, the Motion for Leave to Amend Notices of Removal (R. Doc. 1 & 3) filed by Defendants Corrigo, Inc. and Jones Lang LaSalle, Inc. (Rec. Doc. 11) is GRANTED. The Amended Notice of Removal (Rec. Doc. 11-2) shall be filed into the record.

New Orleans, Louisiana, this 8th day of May, 2025.

_____
Janis van Meerveld
United States Magistrate Judge

---

[1] The Court does note, however, that the Amended Notice of Removal appears to clearly indicate that each remaining Defendant, including the Albertsons entities, consented to the filing of the notice of removal. The Albertsons entities identified include: Albertsons Companies Inc. Louisiana, Albertsons Companies Inc., and Albertsons LLC.