UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMMY NICKENS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-344** |
| **ALBERTSONS INC., ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff Tammy Nickens' Motion to Remand (Doc 9). For the following reasons, the Motion to Remand is **DENIED**.

### BACKGROUND

This case arises out of the electrocution and death of Mark Nickens, Plaintiff Tammy Nickens's husband, on December 18, 2023, outside of an Albertson's store. On December 17, 2024, Plaintiff filed suit in the Twenty-First Judicial District Court for the Parish of Tangipahoa against Defendants Albertsons Companies Inc., Louisiana; Albertsons Companies, Inc.; Albertson's LLC; Kevin Brunelle; J.V. Manufacturing, Inc.; Corrigo, Inc.; and Jones Lang LaSalle, Inc.

Defendants Corrigo, Inc. and Jones Lang LaSalle, Inc. removed the case to this Court on February 19, 2025, invoking diversity jurisdiction.[1] The Plaintiff filed this Motion to Remand on March 17, 2025.[2] Two weeks later, Defendants Corrigo, Inc. and Jones Lang Lasalle Inc. filed a motion for leave

---

[1] Doc. 1 at 1.
[2] Doc. 9 at 1.

to amend the Notice of Removal.³ The amendment added the citizenship of Albertson's LLC, and information and evidence regarding the joinder of Kevin Brunelle.⁴ Plaintiff opposed the motion.⁵ Magistrate Judge Janis van Meerveld granted the motion on the grounds that the amendment clarified jurisdictional grounds for removal.⁶

Before the Court is Plaintiff's Motion to Remand wherein she argues that this Court lacks subject matter jurisdiction over this action, the notice of removal is "procedurally infirm" due to lack of consent, and the claims of improper joinder are unfounded.⁷ Defendants oppose.⁸ This court will consider each argument in turn.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.⁹ The removing party has the burden of proving federal diversity jurisdiction.¹⁰ When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."¹¹ "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."¹² District Courts must "strictly construe[]" the

---

³ Doc. 11 at 1.
⁴ *Id.*
⁵ Doc. 16 at 1.
⁶ Doc. 17.
⁷ Doc. 9-1.
⁸ Docs. 12, 13.
⁹ 28 U.S.C. § 1441.
¹⁰ Garcia v. Koch Oil Co. of Tex. Inc., 351 F.3d 636, 638 (5th Cir. 2003).
¹¹ Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
¹² Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

2

removal statute, and any doubt in the propriety of removal must be resolved in favor of remand.[13]

## LAW AND ANALYSIS

### I. Diversity Jurisdiction

Defendants removed this matter to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.[14] Cases arising under §1332 require complete diversity of citizenship and an amount in controversy in excess of $75,000.[15] Here, the parties dispute whether complete diversity exists. While it is undisputed that Plaintiff is a resident of Louisiana. Plaintiff claims that the removing Defendants have not accounted for the citizenship of Albertson's, LLC as the owner of the building where her husband died.[16]

The "citizenship of an LLC [is] determined by the citizenship of all of its members."[17] Defendants allege in their Answer to the Petition for damages that Albertson's LLC is improperly named[18] and that the correct name of the entity that operates the store is Albertsons Companies, Inc.[19] In the original Notice of Removal, Defendants state that Albertsons Companies, Inc. is the entity that operates the store, and Albertson Companies, Inc. is a Delaware corporation that is a citizen of Delaware and Idaho.[20] In the Amended Notice of Removal, Defendants allege that Albertson's, LLC's sole member is Albertsons Companies, Inc.[21] Accordingly, the Amended Notice of Removal

---

[13] *Id.*
[14] Doc. 1 at 1.
[15] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[16] Doc. 16; *see* Doc. 9-2, Special Warranty Deed, Exhibit A, that names Albertson's LLC as the grantee of the property and buildings.
[17] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1078 (5th Cir. 2008).
[18] Doc. 1-4.
[19] Doc. 3 at 4.
[20] Doc. 3 at 5.
[21] Doc. 12 at 1-2.

3

properly alleges the citizenship of Albertson's LLC for diversity jurisdiction purposes.

## II. Albertson's LLC's Consent to the Notice of Removal

In support of her instant Motion, Plaintiff alleges that the original Notice of Removal:

> fails to provide proof of consent to removal by Albertson[']s, LLC. The removing defendants claim that Albertson[']s LLC was improperly named is demonstrably false: Albertsons LLC is the owner of the immovable property located at 1801 W. Thomas St. in Hammond LA, including all buildings, improvements, and appurtenances thereon.[22]

Under § 1446 all pre-existing defendants must consent to removal as required by § 1446(b)(2).[23] In Exhibit A of the notice of removal, Defendants state that Corrigo Inc., Jones Lang LaSalle Inc., J.V. Manufacturing, and the "properly named and served Albertsons entities and Brunelle" consent to removal.[24] Here, as noted by Magistrate Judge van Meerveld, "the Amended Notice of Removal appears to clearly indicate that each remaining Defendant, including the Albertsons entities, consented to the filing of the notice of removal. The Albertsons entities identified include: Albertsons Companies Inc. Louisiana, Albertsons Companies, Inc., and Albertson's LLC."[25] Further, the "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[26] Accordingly, this Court finds that Albertson's LLC consented to removal.

## III. Defendant Kevin Brunelle's Inclusion in the Lawsuit

---

[22] Doc. 9-1 at 2.
[23] 28 U.S.C. § 1446(b)(2).
[24] Doc. 1-2.
[25] Doc. 17 at 6.
[26] *See* Ticer v. Imperium Ins. Co., 20 F.4th 1040, 1045 (5th Cir. 2021).

Defendants may remove a state court action to this Court when it has original jurisdiction over it.[27] However, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."[28] "Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[29] This Court will set aside (1) as the Defendants only raise (2).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.[30] The test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[31] First, "the focus of the [improper joinder] inquiry must be on the joinder and not the merits of the plaintiff's case.[32] Second, the petition, as filed in state court, controls the inquiry.[33] The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff.[34] In *Griggs v. State Farm Lloyds*, the Fifth Circuit assessed whether "the record support[s] any inference that [plaintiff] intended to actively pursue claims against [the allegedly improperly joined defendant].[35] There, the Circuit reasoned that a lack of differentiation of actionable causes and facts between diverse and non-diverse defendants demonstrates a lack of intent to sue the

---

[27] *See* 28 U.S.C. § 1441(a).
[28] 28 U.S.C. § 1359.
[29] Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).
[30] *Id.* at 649.
[31] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).
[32] *Id.*; *see* Guillory v. PPG Indus Inc. 434 F.3d 303, 308-09 (5th Cir. 2005).
[33] *See* Cavallini v. State Farm Mut Auto Ins Co., 44 F.3d 256, 264 (5th Cir. 1995).
[34] Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).
[35] 181 F.3d 694, 699.

5

non-diverse defendant.[36] Thus, a court in its evaluation of the initial complaint filed in state court will consider whether the defendant is only minimally mentioned, whether any actionable facts or causes of action are specifically alleged against the defendant, and whether the defendant was served.[37]

In the instant case, the initial complaint—as filed in state court—lumps together the actions of all diverse and non-diverse defendants in each liability allegation without differentiation.[38] Defendants allege in the original Notice of Removal that Kevin Brunelle was improperly joined to defeat diversity, and Plaintiff is unable to state a cause of action against Brunelle in his individual capacity. In the complaint, Plaintiff combines claims against Brunelle and other Defendants in paragraphs 7, 8, and 9.[39] A store manager cannot be personally liable to a third person "'simply because of his general administrative responsibility'" as an employee.[40] So too, here, the Petition alleges that Kevin Brunelle had "custody guard" over the store and its premises, but the claims in the Petition do not demonstrate a personal duty or personal fault.[41] Since there are not any viable claims that exist against Kevin Brunelle, a non-diverse defendant, he is improperly joined.[42] As such, this Court must dismiss the claims against him. Because diversity between the parties is complete, this Court has subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. 9) is **DENIED**.

---

[36] *Id.* at 699.
[37] *Id.*
[38] Doc. 18-2 at 4-6.
[39] Doc. 18-2 at 3-5.
[40] Giles v. Wal-Mart La. LLC, No. CV 16-2413, 2016 U.S. Dist. LEXIS 63514, at *4 (E.D. La. May 13, 2016).
[41] Doc. 18-2 at 3-5.
[42] Int'l Energy Ventures Mgmt., LLC., 818 F.3d 193, 209 (5th Cir. 2016).

**IT IS ORDERED** that all claims against Defendant Kevin Brunelle be **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 3rd day of July, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**