UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMMY NICKENS | * | CIVIL ACTION NO. 25-344 |
| | * | |
| VERSUS | * | SECTION: "H"(1) |
| | * | |
| ALBERTSONS COMPANIES INC. LOUISIANA, ET AL. | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

REPORT AND RECOMMENDATION

Before the Court is the plaintiffs' First Motion for Leave to File Supplemental and Amending Petition (Rec. Doc. 32). The motion was set for submission on November 5, 2025. Plaintiff's opposition memorandum was due on October 28, 2025, pursuant to Local Rule 7.5E. No memorandum in opposition was filed. Accordingly, this motion is deemed to be unopposed, and, further, it appearing that the motion has merit,[1]

IT IS RECOMMENDED that the Motion for Leave (Rec. Doc. 32) be GRANTED; and that, because joinder of the non-diverse defendants will destroy this Court's diversity jurisdiction, this matter be REMANDED to the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana.

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court should freely grant leave to amend when justice so requires. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Although the court must scrutinize an amendment, like the one proposed here, that seeks to add a non-diverse defendant that will defeat federal jurisdiction, there is no indication that plaintiff has been dilatory in asking for the amendment or that the purpose of the amendment is to destroy diversity jurisdiction. See Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Plaintiff recently obtained discovery in late August and early September 2025 showing that proposed defendants Tangi Electric and Maintenance Company, Inc. and Inferno Associates, Inc. performed work on the apparatus and wiring that caused the electrocution of the decedent and that manager Kevin Brunelle was present and supervised the work that was done.

1

NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of November, 2024.

*signature*
Janis van Meerveld
United States Magistrate Judge